### In the Matter of Preston T. BREUNIG.

### No. 49S00–0204–DI–251.

Supreme Court of Indiana.

June 24, 2004.

As Amended June 25, 2004.

### AMENDED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE

Pursuant to Ind.Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** In Count I of the verified complaint underlying this action, the parties agree that the respondent represented a client in her divorce at an agreed rate of $150 per hour, with no provision for interest, attorneys fees, or costs of collection.

The respondent filed for dissolution in Indiana; the husband contested Indiana's jurisdiction and litigation ensued variously in Indiana and Florida on that issue for about two years. At the end of that period, the respondent presented his client with a $384,095.19 bill, consisting of $256,667.30 for 1,961.92 hours of work and $127,427.89 in expenses (which included fees and expenses for the Florida attorneys who worked on the case). The client's husband or the client paid $148,547.64, leaving a balance of $235,547.55. Of the $148,547.64 paid by the client or on the client's behalf, $54,556.38 went to the respondent and his associate; the balance went to the Florida attorneys.

At a later meeting with the client where it was decided that the respondent would assist Florida counsel in further proceedings in the matter, the respondent obtained the client's signature on a promissory note for the outstanding balance, with the note's maturity date being the time of a property distribution in the dissolution and which called for the accrual of 8% interest on the outstanding balance. The respondent also obtained the client's signature on an "assignment" which would assign to the respondent any outstanding balance from any property division settlement. The respondent failed to advise the client to seek the advice of independent counsel, did not provide her with a written disclosure, and failed to obtain her written consent.

In Count II, the parties agree that the respondent began a romantic and sexual relationship with the client during the course of his representation of her. The respondent ended the relationship two months after it began, although his representation of the client continued thereafter.

In aggravation of the respondent's misconduct, the parties agree that the respondent was convicted of Operating a Vehicle While Intoxicated Endangering a Person, a class A misdemeanor, in Hamilton Superior Court on August 13, 2003. In mitigation of the respondent's conduct, they note, *inter alia*, that the respondent terminated the romantic relationship with the client and that she requested that the respondent continue to represent her. They also state that on July 16, 2004, the respondent will have completed a two year monitoring agreement, aimed at addressing his alcohol use, through the Indiana Judges and Lawyers Assistance Program.

**Violations:** The respondent violated Ind.Professional Conduct Rule 1.8(a), which provides that a lawyer shall not knowingly acquire a pecuniary interest adverse to his client unless the transaction and terms upon which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner which can be reasonably understood by the client, the client is given a reasonable opportunity to seek the advice of independent counsel, and the client consents in writing thereto; Prof.Cond.R. 1.7(b), which provides that a lawyer shall not represent a client if the representation of the client may be materially limited by the lawyer's own interests, unless the lawyer reasonably believes the representation will not be adversely affected, and the client consents after consultation; and Prof.Cond.R. 8.4(d), which provides that a lawyer shall not engage in conduct which is prejudicial to the administration of justice.

**Discipline:** Suspension from the practice of law for a period of sixty (60) days, effective August 14, 2004, with the first thirty (30) days served as an executed suspension and the remaining thirty (30) days stayed to a period of probation for six months. When the respondent completes the first 30 days of his suspension, he will be reinstated to the practice of law, subject the terms and conditions of his probation as indicated in the conditional agreement and attached hereto to this order. In the event it is established pursuant to Admis.Disc.R. 23(17.2) that the respondent has violated the terms of his probation, then the stay of the stayed portion of his suspension shall be vacated that the respondent will serve the remaining thirty (30) days of his suspension, without automatic reinstatement to the practice of law in Indiana.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent. The Clerk of this

Court is directed to serve notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to the hearing officer appointed in this matter.

All Justices concur.